## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROGER E. KEIME,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No.   16-cv-273-CJP**[1] |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social** | ) | |
| **Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Plaintiff Roger E. Keime, acting pro se, filed this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the final agency decision denying him social security disability benefits.

Since late March 2016, mail sent to plaintiff has been returned as undeliverable.  See, Docs. 16, 20.  On April 28, 2016, the Court entered a Notice of Impending Dismissal.   That order contained the following warning:

**Plaintiff is cautioned that this case will be dismissed if he does not file a notice of change of address by May 5, 2016.**

Doc. 17, emphasis in original.

Plaintiff has failed to file a change of address as ordered.   Fed.R.Civ.P. 16(f) provides that the Court may sanction a party to failing to obey a pretrial order.

---

[1] This case was referred to the undersigned for final disposition on consent of the parties, pursuant to 28 U.S.C. §636(c).   See, Doc. 15.

Rule 16(f) incorporates the sanctions provisions of Fed.R.Civ.P. 37(b). Thus, it is clear that the Court has the authority to impose sanctions, including dismissal, for failure to keep the Court informed of his address.

This Court has given plaintiff the required "warning shot," i.e., warning of the consequences of failing to follow its orders. See, *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). Plaintiff failed to obey the Court's orders and has failed to diligently prosecute his case. Therefore, this cause of action will be dismissed.[2]

This cause of action is ordered **DISMISSED WITH PREJUDICE**

The Clerk of Court shall enter judgment in favor of defendant.

**IT IS SO ORDERED.**

**Date:  May 9, 2016.**


**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**

---

[2] If plaintiff wishes to appeal the dismissal of his case, he may file a notice of appeal with this court within 60 days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(B). Plaintiff is further advised that, if he intends to file a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), that motion must be filed no later than 28 days after the entry of the judgment, and the 28 day deadline cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.